UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FS GiiKER Technology Co. Ltd.,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>Defendants. | Case No. 1:25-cv-25129 |

## DEFENDANTS' NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that Defendants Morehomy, Jiheng, Younan, BACARE-USA, VISREFUR Direct, MobiVerse, yundaous, COUOMOXA, Kusong Direct, and OUYANG2024 hereby appeal to the United States Court of Appeals for the Eleventh Circuit from the following orders of this Court:

(1) the Order signed by Senior Judge Paul C. Huck on December 29, 2025 (D.E. 79); and

(2) the Order Granting Permanent Injunction signed by Senior Judge Paul C. Huck on December 30, 2025 (D.E. 81).

DATED: December 31, 2025					Respectfully submitted,

1

By: /s/ Yi Yi
Yi Yi (*Pro hac vice*)
California Bar No. 353482
yiyi@lawmayus.com
Xiangru Chen (*Pro hac vice*)
Washington Bar No. 64505
jane.chenxr@gmail.com
LawMay P.C.
2108 N St., Ste.9124
Sacramento, CA 95816
M: 747-241-3130

Jianyin Liu
Florida Bar No. 1007675
jamesliulaw@gmail.com
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209-6188

*Attorneys for Defendants Morehomy, Jiheng, Younan, BACARE-USA, VISREFUR Direct, MobiVerse, yundaous, COUOMOXA, Kusong Direct, and OUYANG2024*

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2025, I electronically filed the foregoing Notice of Appeal with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all attorneys of record in this matter.

    Michael M. Steinmetz
    PRO HAC VICE; ATTORNEY TO BE NOTICED
    Garson Segal Steinmetz Fladgate LLP
    225 Broadway, 37th Floor
    New York, NY 10007
    (212) 380-3623
    Ms@gs2law.com

    Yanina Zilberman
    ATTORNEY TO BE NOTICED
    Egozi & Bennett, P.A.
    2999 191st Street, Suite 407
    Aventura, FL 33180
    9174974849
    Yanina@egozilaw.com

    Robert David Garson
    ATTORNEY TO BE NOTICED
    GS2LAW PLLC
    20803 Biscayne Blvd, Suite 405
    Aventura, FL 33180
    3057805212
    Fax: 3475374540
    Rg@gs2law.com

                                                                     */s/ Yi Yi*
                                                                       Yi Yi

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-25129-PCH

FS GiiKER Technology Co. Ltd.,

Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

Defendants.

## ORDER

**THIS CAUSE** is before the Court for a non-jury trial as to Plaintiff FS GiiKER's Complaint. With the consent of the Parties, this trial was limited to the question of liability, leaving for further proceedings, if necessary, the issue of damages and the Defendants' counterclaims. At the conclusion of the non-jury trial on December 23, 2025, the Court orally set forth its Findings of Fact and Conclusions of Law, ruling in favor of the Plaintiff, FS GiiKER and against all Defendants on the issue of liability.[1] By reference to these Findings of Fact and Conclusions of Law, they are adopted by reference and made a part of this Order.

By separate order, the Court will order injunctive relief for Plaintiff, FS GiiKER, and against

---

[1] This includes Plaintiff FS GiiKER's entitlement to injunctive relief.

all Defendants. The trial on entitlement to and amount of damages[2] will be set after the Parties submit their recommendations regarding a trial date.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of December, 2025.

                                              Paul C. Huck
                                              Senior United States District Judge

Copies furnished to: All Counsel of Record

---

[2] This trial date will also address Defendants' counterclaims.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FS GiiKER Technology Co. Ltd., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> Defendants. | Civil Action No. 1:25-cv-25129 |

## ORDER GRANTING PERMANENT INJUNCTION

The Court, having considered the record in this case and having conducted a bench trial completed on December 23, 2025 [ECF No. 78], at which witnesses testified and the Court issued an oral ruling in favor of Plaintiff on liability for copyright infringement, and finding that (i) Plaintiff has established actual success on the merits, (ii) Plaintiff has suffered and will continue to suffer irreparable harm absent injunctive relief, (iii) remedies at law are inadequate, (iv) the balance of hardships favors Plaintiff, and (v) the public interest is served by enforcing 17 U.S.C. §§ 502, 504, hereby **ORDERS AND ADJUDGES** as follows:

1. This Permanent Injunction applies to Plaintiff's copyrighted product photographs registered with the United States Copyright Office under Registration Nos. VA 2-463-567 and VA 2-465-098, including the photographs deposited with the Copyright Office in connection with those registrations (the "Deposit Photographs").

2. This Permanent Injunction is binding upon: (a) each Defendant identified on Schedule A to this Order; and (b) each Defendant's officers, agents, servants, employees, affiliates,

attorneys, and all other persons or entities in active concert or participation with any Defendant who receive actual notice of this Order. *See* Fed. R. Civ. P. 65(d)(2).

3. Defendants are hereby **PERMANENTLY ENJOINED** from directly or indirectly infringing Plaintiff's copyrights in the Deposit Photographs, including, without limitation, by reproducing, copying, distributing, publicly displaying, marketing with, advertising with, offering for sale with, or otherwise using the Deposit Photographs (or any image derived from them) in any manner and in any medium.

4. This Injunction includes any unauthorized use of the Deposit Photographs in altered or modified form, including any versions that are cropped, resized, color-modified, re-backgrounded, edited, overlaid with text/graphics, or otherwise recast or adapted, where the purpose or effect is to reproduce or display Plaintiff's copyrighted photographic expression.

5. Defendants are hereby **PERMANENTLY ENJOINED** from using the Deposit Photographs (or any infringing variant described above) in connection with any listing, storefront, seller account, or advertisement operated by Defendants—including those online marketplace accounts identified on Schedule A (the "Online Marketplace Accounts")—on Amazon or any other e-commerce platform.

6. Defendants are hereby **PERMANENTLY ENJOINED** from assisting, aiding, abetting, inducing, encouraging, or contributing to any other person or entity's infringement of Plaintiff's rights in the Deposit Photographs, including by supplying infringing images, templates, listing content, or marketing assets for use in online listings.

7. Within three (3) business days of receiving actual notice of this Order, Defendants shall remove and cause to be removed all uses of the Deposit Photographs (and any infringing variants) from:

(a) the Online Marketplace Accounts;

(b) any other websites, storefronts, or social media pages owned or controlled by Defendants; and

(c) any marketing content, advertising, or promotional materials disseminated by Defendants.

8. Nothing in this Order authorizes destruction of evidence. Defendants shall preserve all records relevant to the infringement found at trial and the Court's forthcoming determination of damages and monetary relief, including records reflecting: (a) listing history and content changes; (b) communications relating to listing creation and image sourcing; and (c) sales and transactions tied to listings that displayed the Deposit Photographs.

9. To effectuate this Order, any online marketplace platform or service provider that receives actual notice of this Order (including, without limitation, any marketplace hosting Defendants' listings) is authorized and requested to take reasonable steps within its control to:

(a) remove or disable listings and content that display the Deposit Photographs or infringing variants; and

(b) prevent re-posting of the Deposit Photographs or infringing variants by the Online Marketplace Accounts and any accounts reasonably determined to be operated in active concert or participation with Defendants.

10. To preserve the Court's ability to award complete relief and pending the Court's determination of damages and any monetary remedies, any restraints previously entered by this Court on Defendants' assets in connection with this action (including restraints affecting funds

associated with the Online Marketplace Accounts) shall remain in full force and effect until further Order of the Court. Defendants shall not transfer, dissipate, conceal, or encumber restrained funds except as expressly authorized by the Court.

11. This Court retains jurisdiction to interpret and enforce the terms of this Permanent Injunction and to determine any issues that may arise concerning compliance, damages, and post-trial proceedings.

12. Any violation of this Permanent Injunction may subject the violating party to contempt and appropriate sanctions, including reimbursement of the reasonable attorneys' fees and costs incurred in enforcing this Permanent Injunction.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of December, 2025.

_____
**HONORABLE PAUL C. HUCK**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:
Counsel of Record